UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

**DANIEL T.R. MARCUM**                                                                           **PLAINTIFF**

**v.**                       **CIVIL ACTION NO. 1:19-CV-P69-GNS**

**SGT. JAMIE GADDIS** *et al.*                                                  **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on initial review of Plaintiff Daniel T.R. Marcum's *pro se* complaint pursuant to 28 U.S.C. § 1915A. For the reasons that follow, the Court will allow a Fourteenth Amendment excessive-force claim to proceed against Defendant Gaddis and dismiss all other claims.

**I.**

Plaintiff is a pretrial detainee at the Taylor County Detention Center (TCDC). He brings suit pursuant to 42 U.S.C. § 1983 against the following TCDC officers in their individual and official capacities: Sgt. Jamie Gaddis, Jailer Hack Marcum, and Cpt. Paul Wise. Plaintiff divides his claims into three sections, which will be discussed below. As relief, Plaintiff seeks monetary and punitive damages and for Defendants "to be relieved of job duties, and not allowed to work in corrections."

**II.**

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore*, 114 F.3d at 604.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327.

In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). "[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555, 557).

### A. First Section

Plaintiff alleges that in March 2019, upon his arrival at TCDC, he was cuffed and shackled. He claims that Defendant Gaddis "drug me to intake room and planted his left elbow into my right ear" and "continued until he broke the cartlidge in my right ear."

The Court will allow this Fourteenth Amendment excessive-force claim to continue against Defendant Gaddis in his individual capacity.

The official-capacity claim, which is actually a claim against Taylor County, will be dismissed because Plaintiff fails to "(1) identify [a] municipal policy or custom, (2) connect the policy to the municipality, and (3) show that his particular injury was incurred due to execution of that policy." *Alkire v. Irving*, 330 F.3d 802, 815 (6th Cir. 2003) (citing *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993)).

### B.  Second Section

Plaintiff additionally alleges as follows:

I have been a resident of Taylor Co. Detention Center for 41 Days now.  I havent been able to make a initial intake call.  I am repetitivly denied attorney calls, and was finally allowed to order stamps after multiple grievences and 31 Days.  I finally had gotten Capt. Wise to understand that you cant stop a civil right for punishment.  That only took 31 days.

"[P]risoners have no per se constitutional right to use a telephone." *United States v. Footman*, 215 F.3d 145, 155 (1st Cir. 2000); *see also Valdez v. Rosenbaum*, 302 F.3d 1039, 1047-48 (9th Cir. 2002) (holding that there is no First Amendment right to telephone access; instead there is a First Amendment right to communicate with persons outside of prison walls, and "[u]se of a telephone provides a *means* of exercising this right"); *Saenz v. McGinnis*, No. 98-2022, 1999 WL 777659, at *2 (6th Cir. Sept. 17, 1999) (finding that the district court did not err in denying the plaintiff's preliminary injunction motion seeking to prohibit the defendants from enforcing a six-month telephone restriction imposed for misconduct); *Washington v. Reno*, 35 F.3d 1093, 1100 (6th Cir. 1994) (noting that "an inmate 'has no right to unlimited telephone use'") (citation omitted); *Rowe v. Ward*, No. 4:16-CV-P39-JHM, 2016 WL 3875954, at *2-3 (W.D. Ky. July 13, 2016) (finding that the deprivation of telephone use for one week was not a

violation of a Fourteenth Amendment liberty interest); *Walker v. Loman*, No. 2:06-cv-00896-WKW, 2006 WL 3327663 (M.D. Ala. Nov. 15, 2006) (holding the 90-day loss of store, telephone, and visitation privileges did not result in the deprivation of a liberty interest or violate the Eighth Amendment). The Court finds that Plaintiff has not alleged a constitutional violation with regard to access to the telephone.

Specific to Plaintiff's claim that he was not able to talk to his attorney on the phone, the Sixth Amendment guarantees that "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defence." U.S. Const. amend. VI. This right includes the right to communicate with one's criminal-defense attorney while confined awaiting trial. *See Maine v. Moulton*, 474 U.S. 159, 170 (1985). However, Plaintiff does not allege that he did not have alternate means of communication with counsel, such as letters or personal visits. *See Aswegan v. Henry*, 981 F.2d 313, 314 (8th Cir. 1992) ("Although prisoners have a constitutional right of meaningful access to the courts, prisoners do not have a right to any particular means of access, including unlimited telephone use."); *White v. Blue*, No. 4:15-CV-P100-JHM, 2015 WL 9244491, at *2 (W.D. Ky. Dec. 17, 2015) (finding that, where plaintiff did not allege that he did not have other means of communicating with his attorney, plaintiff had not alleged any constitutional violation with regard to access to the phone or his attorney). This claim also will be dismissed for failure to state a claim upon which relief may be granted.

As to any claim of denial of access to the courts that Plaintiff may be attempting to bring, to state such a claim, a prisoner must demonstrate actual prejudice to pending litigation that challenges his conviction or conditions of confinement. *Lewis v. Casey*, 518 U.S. 343, 355 (1996). That is, there must be an actual injury, and no actual injury occurs without a showing that such a claim "has been lost or rejected, or that the presentation of such a claim is currently being prevented." *Id.* at 356; *see also Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996)

(stating that an inmate must show, "for example, that the inadequacy of the prison law library or the available legal assistance caused such actual injury as the late filing of a court document or the dismissal of an otherwise meritorious claim"). Plaintiff has not alleged any actual injury as a result of not being able to make an initial intake call, to talk to his attorney on the phone, or to order stamps. Therefore, he fails to state a denial-of-access-to-courts claim.

Finally, to the extent Plaintiff is claiming that Defendant Wise retaliated against him by not allowing him to make an initial intake call, talk to his attorney on the phone, and order stamps, "[a] retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct." *Thaddeus-X v. Blatter*, 175 F.3d 378, 394 (6th Cir. 1999) (en banc). The plaintiff has the burden of proof regarding all three elements. *See, e.g.*, *Murray v. Evert*, 84 F. App'x 553, 556 (6th Cir. 2003); *Green v. Tudor*, 685 F. Supp. 2d 678, 692 (W.D. Mich. 2010).

In this case, Plaintiff fails to state the first element of a retaliation claim; that is, he fails to allege he was engaged in any protected conducted. Consequently, any retaliation claim will be dismissed.

### C. Third Section

In the last section of the complaint, Plaintiff alleges:

> I requested over a month ago to change my religion to non-denominational or/vegan. Also, requested my diet to change to vegan. Completly ignored on multiple grievences and request to talk forms. I have enclosed the 5th request to talk over this matter and it clearly shows the disregard of my religious preferences. As of 5/2 still no religions or diet change.

To the complaint, Plaintiff attached a "Request to Talk Form" advising of his repeated requests for his religion to be changed to "other or non-deniminational and my diet to a vegan diet." In response, a jail employee advised Plaintiff to "write Capt Burress[1] or Jailer Marcum. That is who I've been forwarding your request to."

"Prisoners retain the First Amendment right to the free exercise of their religion." *Hayes v. Tennessee*, 424 F. App'x 546, 549 (6th Cir. 2011) (citing *Walker v. Mintzes*, 771 F.2d 920, 929 (6th Cir. 1985)). A violation of the First Amendment requires the imposition of a "substantial burden" on a plaintiff's exercise of his religion. *Welch v. Spaulding*, 627 F. App'x 479, 485 (6th Cir. 2015). Similarly, the Religious Land Use and Institutionalized Persons Act ("RLUIPA") prohibits the governmental imposition of a "substantial burden on the religious exercise" of an inmate unless the government establishes that the burden furthers a "compelling governmental interest" through the "least restrictive means[.]" 42 U.S.C. § 2000cc-1(a). The term "substantial burden" as used in RLUIPA is given the same interpretation as the concept of substantial burden on religious exercise in a First Amendment inquiry. *Living Water Church of God v. Charter Twp. Meridian*, 258 F. App'x 729, 733-34 (6th Cir. 2007). The requirement of a "substantial burden" is "a difficult threshold to cross" and requires a court consider whether a government action places substantial pressure on a plaintiff to violate his religious beliefs or effectively bars him from practicing his religion. *Id.* at 737. *See also Alexander v. Michigan*, No. 1:13-cv-1372, 2017 WL 4334341, at *8-9 (W.D. Mich. Sept. 18, 2017) (same).

Here, Plaintiff does not identify his religion, nor does he show a sincerely held religious belief that requires him to eat only vegan meals. His First Amendment claim, therefore, fails.

---

[1] Plaintiff does not name Burress as a Defendant in the complaint.

Plaintiff's RLUIPA claim also fails because he has not explained what his religion is and how the denial of a vegan diet substantially burdens his exercise.

### D. Termination of Defendants' Employment

Plaintiff also seeks the termination of Defendants' employment. The Court does not have the authority to grant this type of relief under § 1983. *See, e.g.*, *Theriot v. Woods*, No. 2:09-cv-199, 2010 WL 623684, at *4-5 (W.D. Mich. Feb. 18, 2010) (holding that requesting injunctive relief in the form of ordering the firing of defendants is "frivolous," "entirely improper," and "not available under 42 U.S.C. § 1983" and that the court "has no authority under 42 U.S.C. § 1983 to . . . terminate the employment of [the defendants]"); *Ross v. Reed*, No. 1:13-cv-143, 2013 WL 1326947, at *2 (S.D. Ohio Mar. 5, 2013) ("The Court has no authority under § 1983 to direct the . . . police department to initiate any disciplinary proceedings against its employees."); *Leek v. Thomas*, No. 09-3036-SAC, 2009 WL 1298499, at *3 (D. Kan. May 8, 2009) ("[P]laintiff's requests for disciplinary action against defendants and for defendants to be fired from their State employment are beyond the authority of this court and therefore are not proper requests for relief in this action."). That request, therefore, will be dismissed.

### III. **ORDER**

For the foregoing reasons, on initial review of the complaint pursuant to 28 U.S.C. § 1915A, **IT IS ORDERED as follows**:

(1) **The following claim shall continue:** the Fourteenth Amendment excessive-force claim against Defendant Gaddis in his individual capacity. In allowing this claim to continue, the Court passes no judgment on the merit or ultimate outcome of the claim.

(2) All remaining claims are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The Court will enter a separate Service and Scheduling Order to govern the development of the continuing claim.

Date: December 11, 2019

Greg N. Stivers, Chief Judge
United States District Court

cc: Plaintiff, *pro se*
    Defendants
    Taylor County Attorney
4416.005