UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00069-GNS-HBB

DANIEL T.R. MARCUM                                                    PLAINTIFF

v.

SGT. JAMIE GADDIS                                                    DEFENDANT

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant's Motion for Summary Judgment (DN 23). For the reasons set forth below, the motion is **GRANTED**.

## I.    BACKGROUND

Plaintiff Daniel T.R. Marcum ("Marcum") alleges that he arrived at the Taylor County Detention Center ("TCDC") on March 17, 2019, and states he was greeted by three officers, including Defendant Sergeant Jamie Gaddis ("Gaddis"). (Compl. 4, DN 1). Marcum avers that he growled at the officers, startling Gaddis, who responded by applying pressure to Marcum's right ear, breaking the cartilage. (Compl. 4).

Not surprisingly, Gaddis disputes this interpretation of events. Gaddis states that he was informed by officials in from another jail that Marcum was hostile and out of control prior to his arrival at TCDC. (Gaddis Aff. ¶ 3, DN 23-2). Gaddis says it took multiple officers to restrain Marcum and escort him to the facility where he was unshackled and became combative, dislocating another guard's thumb and biting Gaddis through the skin which required medical attention. (Gaddis Aff. ¶¶ 4-7). Gaddis points to Marcum's physically aggressive, threatening, and combative behavior as the reason he used force against Marcum. (Gaddis Aff. ¶ 8). An incident

report describing the scene as Gaddis did was prepared on March 18, 2019.  (Gaddis Aff. Ex. A, DN 23-3).

Marcum has attached a "Request to Talk Form", which he claims he submitted to TCDC on April 9, 2019, stating similar forms requesting a vegan died had been previously ignored. (Compl. Ex. 1, DN 1-3).  According to Marcum, "Andrea in booking" stated she had forwarded the forms to Captain Adam Burress ("Burress").  (Compl. Ex. 1).  On May 24, 2019, Marcum filed this action asserting a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourteenth Amendment.  (Compl., DN 1).

## II.     STANDARD OF REVIEW

In determining whether Gaddis is entitled to summary judgment, the Court must decide whether there is any genuine issue of material fact left for the trier of fact.  See Fed. R. Civ. P. 56(a).  Initially, the moving party bears the burden of demonstrating the absence of a genuine issue of material fact.  *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).  If the moving party meets its burden, then the burden is on the non-moving to provide specific evidence of a genuine issue of material fact*.  See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986).

In making this determination, the Court must review the cited evidence, but it may also consider other material in the record such as depositions or documents. Fed. R. Civ. P. 56(c).  The Court must view the evidence in the light most favorable to the non-moving party.  *Tompkins v. Crown Corr, Inc.*, 726 F.3d 830, 837 (6th Cir. 2013).  But the non-moving party must do more than provide a "scintilla of evidence" in support of its position; the non-moving party must put on sufficient evidence from which a jury could reasonably decide the issue in his or her favor. *Anderson*, 477 U.S. at 252.

It is not required that the non-moving party put on evidence that would be admissible at the trial stage. *See Celotex Corp.*, 477 U.S. at 323 ("We do not mean that the nonmoving party must produce evidence in a form that would be admissible at trial in order to avoid summary judgment."). The non-moving party can offer evidence such as affidavits, declarations, documents, or electronically stored information. *See id.* ("Rule 56(e) permits a proper summary judgment motion to be opposed by any of the kinds of evidentiary materials listed in Rule 56(c) . . . .").

## III.   DISCUSSION

Gaddis moves for summary judgment, *inter alia*, due to Marcum's failure to exhaust his administrative remedies under the Prison Litigation Reform Act ("PLRA"). (Def.'s Mem. Supp. Mot. Summ. J. 5-8, DN 23-1). The PLRA states "[n]o action shall be brought with respect to prison conditions under [42 U.S.C.] § 1983 . . . by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). To exhaust a claim, a prisoner must proceed through all steps of a prison's grievance process. *See Hartsfield v. Vidor*, 199 F.3d 305, 309 (6th Cir. 1999). "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). Failure to properly exhaust bars suit in federal court. *See Woodford v. Ngo*, 548 U.S. 81, 93 (2006). Where, as here, a party moves for summary judgment the moving party must affirmatively show there is no "genuine dispute of material fact as to [the plaintiff's] exhaustion on administrative remedies." *Surles v. Andison*, 678 F.3d 452, 456 (6th Cir. 2012) (internal quotation marks omitted) (citation omitted).

The TCDC has a grievance procedure in place requiring prisoners to file a grievance in the form of a written statement detailing any incident and the prison staff involved. (Burress Aff. Ex.

A, at 1, DN 23-5).  If a grievance is submitted to the captain and the prisoner is not satisfied with the decision, it can be appealed to the jailer.  (Burress Aff. Ex. A, at 2).  Gaddis has attached a sample TCDC grievance form.  (Burress Aff. Ex. A, at 4).

Marcum has offered no evidence that he ever filed a grievance form.  He attached a "request to talk" form.  (Compl. Ex. 1).  He lists a variety of allegations in his complaint, including that he was denied attorneys calls, was not permitted to order stamps, and was ignored multiple times when requesting accommodations for his religion and diet.  (Compl. 5).  However, Marcum has offered no evidence any of these complaints were pursued through the TCDC grievance process. (*See* Burress Aff. Ex. A, at 1).  The TCDC has no record of Marcum ever filing one of these forms. (*See* Def.'s Mot. Summ. J. Ex. A, at 3).  Burress, a TCDC employee at all times pertinent to this action, indicates that Marcum never filed a grievance form.  (Burress Aff. ¶ 7 ("Plaintiff never submitted a single grievance regarding the incident alleged in his Complaint.  If Plaintiff felt that a TCDC officer subjected him to abuse, harassment, abridgment of civil rights or denied him privileges, TCDC's Inmate Grievance Policy and Procedure required him to submit a written grievance form regarding same.")).

"[T]he PLRA's exhaustion requirement is designed to give prison officials a fair opportunity to address a prisoner's claims on the merits before federal litigation is commenced." *Mattox v. Edelman*, 851 F.3d 583, 592 (6th Cir. 2017) (citation omitted).  In this instance, Marcum failed to file a grievance, which deprived TCDC of the opportunity to address Marcum's claims. *See Barassi v. Lewis*, No. 4:17-CV-P40-JHM, 2018 WL 6070352, at *3 (W.D. Ky. Nov. 20, 2018), *aff'd*, No. 18-6255, 2019 WL 6507856 (6th Cir. June 18, 2019) ("[B]ecause Plaintiff did not appeal to the Jailer, the Jailer did not have an opportunity to address Plaintiff's claim regarding lack of recreation.").  Gaddis has offered affidavits and records to support his position that no grievance

was filed.  Marcum has not responded and there is no evidence a grievance form was filed in compliance with TCDC policy.  Therefore, there is no genuine issue of material fact that Marcum failed to exhaust his administrative remedies, which bars this present action.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, **IT IS HEREBY ORDERED** that Defendant's Motion for Summary Judgment (DN 23) is **GRANTED**, and Plaintiff's claim against Defendant Sergeant Jamie Gaddis is **DISMISSED**.  The Clerk shall strike this matter from the active docket.

Greg N. Stivers, Chief Judge
United States District Court

May 13, 2021

cc:    counsel of record
       Plaintiff, *pro se*